**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CURTIS S. CRUMBLEY,

    Petitioner,

-vs-                                                Case No. 8:04-CV-427-T-30MAP

JAMES V. CROSBY, JR., et al,

    Respondents.
_____/

**ORDER**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 51) of the March 13, 2007 decision denying his petition for relief under 28 U.S.C. § §2254, *see* Dkt. 49, and request for issuance of a Certificate of Appealability ("COA") (Dkt. 52) pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253.[2] Petitioner did not pay the $455.00 appellate filing fee or file a request to proceed *in forma pauperis*.

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a COA where a district court has rejected a petitioner's

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). To obtain a COA when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

In his petition, Petitioner challenged his 1999 state conviction for aggravated battery of a pregnant victim. Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test.  529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that the request for issuance of a Certificate of Appealability (Dkt. 52) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record
SA:jsh