**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CURTIS S. CRUMBLEY,

    Petitioner,

-vs-                                                       Case No.  8:04-CV-427-T-30MAP

JAMES V. CROSBY, JR., et al,

    Respondents.

_____/

**ORDER**

THIS matter comes before the Court for consideration of Petitioner's Motion for Docket and Filing Fee's [sic] Already Paid (Dkt. 54).  Petitioner filed an interlocutory appeal of the November 16, 2006 order denying his Motion for Leave to File an Addendum to the Amended Habeas Corpus Accept [sic] on October 27, 2004, *see* Dkt. 40, (Dkt. 41).  *See Crumbly v. Crosby*, Case No. 06-16626-F (11th Cir. 2007).  On December 27, 2006, the Eleventh Circuit Court of Appeals ordered Petitioner to pay the appellate filing fee and costs within 14 days, *see* Dkt. 44 ¶ 1. Payment was received on January 10, 2007.  Petitioner's interlocutory appeal was dismissed for lack of jurisdiction on January 22, 2007 (Dkt. 47).

Petitioner's habeas petition was denied on March 13, 2007 (Dkt. 49).  Petitioner filed a notice of appeal and request for issuance of a certificate of appealability ("COA") on April 6, 2007 (Dkts. 51 and 52).  *See Crumbly v. Crosby*, Case No. 07-11730-A (11th Cir. 2007). The request for issuance of a COA was denied on April 18, 2007 (Dkt. 53). Petitioner's appeal remains pending.

Petitioner contends that the appellate filing fee paid on January 10, 2007 constitutes payment "in full for both" Case No. 06-16626-F and Case No. 07-11730-A because Case No. 06-16626-F "has not been Rule [sic] on as of yet" (Dkt. 54 ¶ 4), directing the Court's attention to the Eleventh Circuit's finding that it lacked jurisdiction to hear the appeal because the November 16, 2007 order was not a "final" appealable order. The Court finds Petitioner's reliance on Fed. R. App. P. 3(e)[1] and 28 U.S.C. §§1291,[2] 1913[3] and 1917[4] as legal authority for his position that the appellate filing fee paid in Case No. 06-16626-F is on "(HOLD) standby" is misplaced.  Nothing in any of these statutes authorizes the transfer of credit for the payment of the appellate filing fee for an interlocutory appeal that is dismissed for lack of jurisdiction to the appeal of a final order entered two months later.

The interlocutory appeal was <u>dismissed</u> for lack of jurisdiction rather than stayed or held in abeyance pending a final order by this Court on the § §2254 petition. The assignment of different case numbers to the two appeals further confirms that the

---

[1] "Payment of fees.  Upon filing a notice of appeal, the appellant must pay the district clerk all required fees.  The district clerk receives the appellate docket fee on behalf of the court of appeals." Fed. R. App. P. 3(e).

[2] The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, The United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.  The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title." 28 U.S.C. § 1291.

[3] "The fees and costs to be charged and collected in each court of appeals shall be prescribed from time to time by the Judicial Conference of the United States.  Such fees and costs shall be reasonable and uniform in all the circuits."  28 U.S.C. § 1913.

[4] "Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari %5 shall be paid to the clerk of the district court, by the appellant or petitioner." 28 U.S.C. § 1917.

interlocutory appeal did not remain "on stand-by. . . waiting for the final decision of the district court for Petitioner(s) [sic] to appeal" (Dkt. 54 ¶10).[5]

ACCORDINGLY, the Court **ORDERS** that the Motion for Docket and Filing Fee's [sic] Already Paid (Dkt. 54) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 16, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Petitioner/Counsel of Record
SA:jsh

---

[5] Notably, Petitioner paid the $455.00 filing fee and costs in Case No. 07-11730-A on April 30, 2007.